# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PHILLIP DOUGLAS JACOBS, | : | |
| Petitioner, | : | Case No.  3:11cv00029 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| WARDEN, Marion Correctional Institution, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Petitioner Phillip Douglas Jacobs, an inmate in state custody at the Marion Correctional Institution in Marion, Ohio brings this case pro se seeking a writ of habeas corpus.  The case has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Reference.

This case is before the Court for preliminary review of Jacobs' habeas corpus petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases.  Rule 4 instructs, in part, "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  *See Brooks v. Capello*, 2009 WL 1010978 at *1 (W.D. Mich. 2009) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)(district court has the

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

duty to "screen out" petitions that lack merit on their face).

Jacobs' habeas petition explains that in March 1972 he was convicted of second degree murder in the Preble County, Ohio Court of Common Pleas. He was sentenced to life in prison. (Doc. #1 at 1). Jacobs was also convicted, in May 1985, in the Mahoning County, Ohio Court of Common Pleas of aggravated robbery and two counts of felonious assault. According to the petition, those convictions resulted in a sentence of 35 to 55 years imprisonment. *Id.*

Jacobs explains that he brings his habeas corpus petition in the present case under 28 U.S.C. §§2241(a), (d) challenging his second degree murder conviction. (Doc. #1 at 1, 5). Yet his grounds for relief also challenge, in part, his convictions on charges of aggravated robbery and felonious assault. He asserts the following grounds for relief:

GROUND ONE: This Court has concurrent jurisdiction. Petitioner was subject for the same offense to be twice put in jeopardy in successive prosecutions after being convicted....

GROUND TWO: There was an actual conflict of interest where the prosecutors were Mafia members who controlled the grand jury and judiciary and used their influence to bring about selective and vindictive prosecution, under the guise of being under color of law....

GROUND THREE: Petitioner's indictment fails to charge an offense....

GROUND FOUR: The indictment and convictions are not supported by the weight of, or sufficiency of[,] evidence. Petitioner is actually innocent....

GROUND FIVE: Petitioner alleges that he is entitled to relief in the form of nullification of his state conviction for second degree murder (1972 – conviction), in that his entitlement to relief from his new unconstitutional convictions (aggravated robbery – with two-counts of felonious assaults – 1985 – convictions), necessarily demand relief from the collateral consequences of the conviction(s), which include expungement of the conviction form [sic] petitioner's record....

2

(Doc. #1).  Under the heading "RELIEF SOUGHT" Jacobs writes:

> Michael P. Rich, Gary Van Brocklin, Richard Saul while acting in furtherance of a combination of racketeering activities, intentionally, willfully and maliciously designed and implemented fabricated criminal charges against petitioner, causing him to be unlawfully indicted, tried, and imprisoned, which subsequently, deprived him of his rights, privileges, and immunities as secured by the Fourteenth Amendment to the Constitution of the United States.
>
> This Court is requested to refer petitioner's case to the Office of the United States Attorney, for investigation and criminal prosecution.  This is a specific practice recommended by the Judicial Conference of the United States.  See Brown v. Duggan, 329 F.Supp. 207 (W.D.Pa. 1971); and Manual for United States Commissioners, 5 (1948); 18 U.S.C. §241, 242.

(Doc. #1 at 32).  Jacobs further seeks an "unconditional release from his current imprisonment.  Also, [he] seeks to have his conviction for second degree [murder, presumably] nullified, and the record expunged." Id. at 33.

Jacobs acknowledges in his petition that he has previously filed a petition for writ of habeas corpus in this Court in 1980 challenging his second degree murder conviction. (Doc. #1 at 3).  He indicates that the Judgment was affirmed, presumably referring to the judgment of conviction concerning the charge of second degree murder. Id.  He does not indicate whether he appealed the dismissal of his first habeas petition but, apparently anticipating the second or successive nature of his present petition, he argues:

> [T]his Petition need not be transferred to the United States Court of Appeals for the Sixth Circuit because that Court has already decided petitioner's entitlement to file a second petition (i.e. in continuation) in the district court, and has specifically indicated in the last sentence of Remand-Order 99-4127 (Attached to Petition), that the district court "consider Jacobs request for relief."
>
> There has been no hearing on any of the claims raised by petitioner, nor has the merit of any of the claims been addressed.

3

(Doc. #1 at 6).

Elsewhere in his petition, Jacobs concedes, "None of the Grounds raised within this Petition has been presented to a State Court for exhaustion...." (Doc. #1 at 8). He explains that he has not exhausted his claims in the Ohio courts in part because "the judiciary was controlled by the prosecutors and judge who singled out petitioner for selective and vindictive prosecution, and the records and evidence shows that they did everything conceivable to prevent petitioner from having due process of law...." *Id*.

Jacobs supports his petition with numerous Exhibits, including a copy of the Order he refers to in his petition (cited as "Remand-Order 99-4127") issued by the United States Court of Appeals. (Doc. #1 at 40-41). The Order explains:

> In 1985, Jacobs was convicted of aggravated robbery and felonious assault. He was sentenced to thirty-five to fifty-five years of imprisonment. Jacobs' first habeas corpus petition was dismissed as meritless. In his request to file a second habeas petition, Jacobs argues that the prosecutor engaged in misconduct and that his indictment was flawed.
>
> Upon review, we grant Jacobs's request to file a second §2254 petition in the district court. The case is remand[ed] to the district court to consider Jacobs's request for relief.

(Doc. #1 at 41).

The next Exhibit attached to Jacobs' Petition is a copy of the Court of Appeals docket sheet in another habeas corpus case Jacobs filed: *Phillip Douglas Jacobs v. Stuart Hudson*, App. No. 08-3459. That case originated with the petition for writ of habeas corpus Jacobs filed in November 2006 in the United States District Court for the Northern District of Ohio (Youngstown): *Phillip Douglas Jacobs v. Stuart Hudson*, 4:06cv02852.

Jacobs attaches additional Exhibits to his petition including, mainly, copies of

4

documents issued during his state criminal proceedings, including several indictments; copies of news articles; a copy of an Ohio Court of Appeals decision, which affirmed the criminal judgment concerning his 1985 convictions; and copies of some of his medical records.

Jacobs' petition and attached Exhibits paint a murky picture of his procedural history. Yet, following his references to the prior Court of Appeals decision, cited as "Remand-Order 99-4127," lead to the public records in Jacobs' prior federal habeas corpus cases.[2] Those records reveal that soon after Jacobs filed his November 2006 habeas petition, the District Court for the Northern District of Ohio transferred the matter to the United States Court of Appeals for the Sixth Circuit for resolution of whether Jacobs should be authorized to proceed with a second or successive Petition. *Phillip Douglas Jacobs v. Stuart Hudson*, 4:06cv02852 (Doc. #4). The Court of Appeals denied Jacobs' motion for an order authorizing the district court to consider a second or successive habeas corpus petition. *Id*. (Doc. #5). In doing so, the Court of Appeals provided clarity to the murky procedural history underlying Jacobs' present habeas corpus petition. What is clear is that Jacobs has pursued federal habeas corpus relief as follows:

   1. Jacobs filed first habeas petition in 1994.[3] It was dismissed as meritless, and the Sixth Circuit Court of Appeals denied a certificate of appealability.

   2. In 2000, the Sixth Circuit Court of Appeals authorized the District Court to

---

[2] The Court takes judicial notice of the public records concerning Jacobs' cases. *See* Fed. R. Evid. 201.

[3] Not counting the 1980 habeas petition Jacobs mentions in his present petition. (Doc. #1 at 3).

5

        consider Jacobs' second or successive habeas petition. (Jacobs cites this as "Remand-Order 99-4127"). In 2001, the District Court dismissed Jacobs' petition without prejudice due to his failure to exhaust his state remedies.

3. Jacobs then refiled his habeas petition without his unexhausted claims. The District Court dismissed it as barred by the statute of limitations. The Sixth Circuit Court of Appeals denied a certificate of appealability.

4. Jacobs filed two more habeas petitions. The District Court transferred them to the Court of Appeals, which denied Jacobs' motions for an order authorizing the district court to consider a second or successive habeas petition.

*Phillip Douglas Jacobs v. Stuart Hudson*, U.S. District Court, N.D. Ohio, Case No. 4:06cv02852 (Doc. #5).

Little more needs to be said. Jacobs' present habeas corpus petition is – like several of his past petitions – a second or successive petition. There is no need to transfer this case to the Court of Appeals under 28 U.S.C. §2244(b)(3) and *In re Sims*, 111 F.3d 45 (6th Cir. 1997) because on at least two prior occasions, the Court of Appeals has denied Jacobs' motions for an order authorizing the district court to consider Jacobs' second or successive petitions. *See Phillip Douglas Jacobs v. Stuart Hudson*, U.S. District Court, N.D. Ohio, Case No. 4:06cv02852 (Doc. #5). There is likewise no need to transfer this case to the United States District Court for the Northern District of Ohio in light of its plainly second or successive status. Additionally, dismissal rather than transfer is consistent with a recent Order issued in December 2010 by U.S. District Court Lesley Wells, who declined to transfer to the Court of Appeals Jacobs' most recent and repeated attempts to obtain habeas relief in the Northern District of Ohio. *See id*. (Doc. #116).

Accordingly, it plainly appears from Jacobs' petition and attached Exhibits that he is not entitled to relief in this Court. Dismissal of Jacobs' petition is therefore warranted

under Rule 4 of the Rules Governing Section 2254 Cases.

Lastly, for the reasons set forth above, the conclusion that Jacobs' habeas petition is subject to dismissal under Rule 4 is not debatable among jurists of reasons. Jacobs' habeas petition and his supporting Exhibits do not otherwise present issues adequate to deserve encouragement to proceed with an appeal. Consequently, issuance of a certificate of appealability is not warranted.

## IT IS THEREFORE RECOMMENDED THAT:

1. Phillip Douglas Jacobs' Petition for Writ of Habeas Corpus be DENIED and DISMISSED with prejudice;

2. A certificate of appealability not issue under 28 U.S.C. §2253; and

3. The case be terminated on the docket of this Court.

February 9, 2011

    s/Sharon L. Ovington
Sharon L. Ovington
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).