# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| PHILLIP DOUGLAS JACOBS, | : | |
| Petitioner, | : | Case No. 3:11cv00029 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| WARDEN, Marion Correctional Institution, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION[1]

Previously in this case, the Court found Petitioner Phillip Douglas Jacobs' habeas corpus petition to constitute a second or successive petition and judgment was entered against Jacobs and in favor of Respondent. The Court concluded that dismissal was warranted, rather than a transfer to the United States Court of Appeals for the Sixth Circuit, in part "because on at least two prior occasions, the Court of Appeals has denied Jacobs' motions for an order authorizing the district court to consider Jacobs' second or successive petitions." (Doc. #2, PageID at 92; *see* Doc. #4). Jacobs then turned to the Court of Appeals. On December 15, 2011, and again on July 26, 2012, the Court of Appeals denied Jacobs' motion for authorization to file a second or successive habeas petition. (Doc. #s 25,

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

27).  In its July 26, 2012 Order, the Court of Appeals further notified Jacobs, "we may impose sanctions if Jacobs continues to file frivolous motions for authorization to file second or successive habeas corpus petitions."  (Doc. #27, PageID at 166).

The present case is before the Court upon Jacobs' recently filed Consolidated Motion to Reopen (Doc. #28), his Amended Consolidated Motion to Reopen (Doc. #29), and the record as a whole.  This Report incorporates by reference the previously described history of this case and applicable law.  *See* Doc. #s 2, 4, 25, 27.  Although Jacobs bases his present Motions in large part on the Court of Appeals' remand decision on March 21, 2000, that prior remand provides no ground for present relief especially when those remand proceedings ended in August 2001 and when the Court of Appeals later denied – at least five times – Jacobs' motions for authorization to file a second or successive habeas petition.  *See* Doc. #25, PageID at 160 (counting the most recent Orders – Doc. #s 25, 27 – as the fourth and fifth denials).  For the reasons previously stated by the Court of Appeals and this Court, Jacobs' present motions lack merit and fail to warrant a transfer of this case to the United States Court of Appeals under 28 U.S.C. §2244(b)(3).  *See, e.g.,* Doc. #2, PageID at 92; Doc. #s 4, 25, 27).

Additionally, Jacobs may not proceed in forma pauperis on appeal "if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. §1915(a)(3).  The test under 28 U.S.C. §1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any non-frivolous issue.  *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 921 (1962).  An appellant's good-faith subjective motivation for appealing is

2

not relevant. *Id*. The issue instead is whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal. *Id*.

Upon review of the record, including the assertions set forth in Jacobs' most recent Motions, any appeal of the decision regarding his most recent motions will not be not taken in good faith for the reasons set forth by the Court of Appeals in its recent Orders and in the prior Report and Recommendations as well as the prior Decisions, Entries, and Orders. *See* Doc. #s 2, 4, 8, 14, 15, 19, 24, 25, 27.

## IT IS THEREFORE RECOMMENDED THAT:

1. Jacobs' Consolidated Motion to Reopen (Doc. #28), his Amended Consolidated Motion to Reopen (Doc. #29) be DENIED;

2. The Court CERTIFY under 28 U.S.C. §1915(a)(3) that any appeal Petitioner seeks to take from a Decision and Entry adopting this Report and Recommendation is not taken in good faith; and

3. The case remain terminated on the docket of this Court.


October 3, 2012

             s/Sharon L. Ovington
             Sharon L. Ovington
           United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).